IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**GEORGE T. FREDRICK** **PLAINTIFF**

**V.** **CASE NO. 2:12-CV-00138-MTP**

**SHERIFF ALEX HODGE, MAJOR JOHNSON,**
**AND DAVID HARE** **DEFENDANTS**

**OPINION AND ORDER**

Defendants Alex Hodge, Randy Johnson, and David Hare seek summary judgment on the claims asserted against them in this 42 U.S.C. § 1983 action. They argue that they are immune from liability in this case and that a dismissal with prejudice should be entered. The Plaintiff did not file a response to the motion or notify the Court of his intent not to respond as required under L.U. Civ. R. 7(b)(3)(A). Having considered the motion, case record, and applicable law, the Court finds that motion should be granted for the reasons discussed below.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff George T. Fredrick, proceeding *pro se* and *in forma pauperis*, originally filed this § 1983 action on July 16, 2012, in the Circuit Court for the Second Judicial District of Jones County, Mississippi, against Alex Hodge, Major Johnson, David Hare, Sergeant Hayes, Sergeant Howard, Sergeant Luna, Brenda Tillman, and Jones County. On August 14, 2012, the Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based on a federal question, 28 U.S.C. § 1331.

On October 12, 2012, an evidentiary hearing was conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), at which time Fredrick clarified his claims against the Defendants. Fredrick alleges that, during the time he was incarcerated at Jones County Jail, Alex

Hodge was the Sheriff of Jones County; Major Johnson was the jail administrator and chief jailer; David Hare was the captain; Brenda Tillman was an administrative assistant, and the remaining individual defendants were correction shift supervisors. Fredrick claims that the Defendants intentionally placed him in solitary confinement and denied him privileges because he filed a lawsuit against certain Jones County Jail officers, including Hare and Tillman. *See Frederick v. Jones Cnty Board of Supervisors, et al.*, No. 2:11-cv-224-KS-MTP (S.D. Miss. filed Nov. 3, 2011). The lawsuit which Fredrick claims he was retaliated against for filing concerned injuries Fredrick suffered when another inmate at Jones County Jail attacked him.

The Plaintiff alleges that Captain Hare retaliated against him by placing him on lock down (or solitary confinement) and denying him "yard call" for the duration of his confinement at the Jail. Fredrick claims that he did not violate any jail policies and was not given a disciplinary hearing prior to being placed on lock down. He alleges that Officer Tillman followed Captain Hare's orders and, therefore, also retaliated against him.

In addition, Fredrick alleges that Major Johnson, as chief jailer, violated his Fourteenth Amendment due process rights by not responding to the grievances he filed concerning the alleged retaliatory conduct. Fredrick further asserts that Sheriff Alex Hodge failed to investigate his claims. He assumes Hodge did not investigate his claims because he was not taken out of solitary confinement. Fredrick states that he never spoke to Hodge directly, but is suing him because Hodge never responded to a letter he sent regarding the conditions of his confinement. The Plaintiff seeks monetary damages from all Defendants.

During the *Spears* hearing, Fredrick moved to dismiss his claims against Jones County, Sergeant Hayes, Sergeant Howard, and Sergeant Luna. The Court granted the motion and dismissed those defendants from the case without prejudice. The Court, acting *sua sponte*, found

the claims against Brenda Tillman to be frivolous and dismissed Tillman from the case with prejudice.  *See* Order [22].

At this time, Alex Hodge, Major Johnson, and David Hare move for summary judgment on the claims asserted against them in their individual capacity.  *See* Motion [26].  They contend that qualified immunity shields them from liability in this case.  Further, the Defendants argue that any claims asserted against them in their official capacities were dismissed at the time the Court dismissed Jones County.

Fifth Circuit precedent provides that an unopposed dispositive motion should not be granted unless there is a "clear record of delay or contumacious conduct."  *Johnson v. Pettiford*, 442 F.3d 917, 919 (5th Cir. 2006).  There is no such record in this case.  Similarly, the local rules of this Court do not permit a dispositive motion to be granted merely because no opposition is filed.  *See* L.U. Civ. R. 7(b)(3)(E).  Accordingly, the Court will examine the merits of the Defendants' motion.

II.     LEGAL AUTHORITY

A.      Summary Judgment

Rule 56 (a) of the Federal Rules of Civil Procedure "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When ruling on a motion for summary judgment, the court must consider the record evidence and draw all reasonable inferences in the nonmoving party's favor.  *Paz v. Brush Engineered Materials, Inc*., 555 F.3d 383, 391 (5th Cir. 2009).

The party seeking summary judgment bears the burden of "informing the district court of

the basis for its motion, and identifying those portions of [the record evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. "A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Paz*, 555 F.3d at 391 (quoting *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000)). Once the moving party meets its burden, the nonmoving party must then "come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011).

B.  Qualified Immunity

Under 42 U.S.C. § 1983, a state official acting "within the scope of [his or her] discretionary authority" is entitled to qualified immunity. *Cronen v. Texas Dept. Human Svcs.*, 977 F.2d 934, 939 (5th Cir. 1992). The doctrine of qualified immunity is an "*immunity from suit* rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). In determining whether an official is entitled to qualified immunity, the district court must decide whether the facts alleged by the plaintiff show that the defendant official violated a constitutional right and whether that right was clearly established at the time of the official's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). A court must enter judgment in favor of the official unless his or her conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 231 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

A defense of qualified immunity alters the usual burden of proof in the context of summary judgment. *See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citing *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005)). Once an official pleads qualified immunity, the

burden shifts to the plaintiff, who must then "rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown*, 623 F.3d at 253; *Michalik*, 422 F.3d at 262.  The plaintiff must essentially show that no reasonable officer could have believed his actions were appropriate.  *Babb v. Dorman,* 33 F.3d 472, 477 (5th Cir. 1994).

C.    Fourteenth Amendment Due Process

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14 L. Ed. 2d 62 (1965)).  The Supreme Court has adopted a two-step analysis for courts to use in determining whether there has been a due process violation.  First, the court should ask whether there has been a "liberty or property interest which has been interfered with by the State," and then determine whether that process "was constitutionally adequate."  *Zinermon v. Burch*, 494 U.S. 113, 126 (1990); *see Bowlby v. City of Aberdeen, Mississippi,* 681 F.3d 215, 220 (5th Cir. 2012).

D.    Retaliation

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."  *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).  To establish causation, a prisoner must show that "but for the retaliatory motive the complained of incident…would not have occurred."  *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998) *reh'g denied* Jan. 26, 1998 (quoting *Johnson v. Rodriquez*, 110 F.3d 299, 310 (5th Cir. 1997)).

III. DISCUSSION

The Defendants argue that Fredrick cannot establish a prima facie case of retaliation against them based on the alleged facts. They assert that they are entitled to qualified immunity in this case and, therefore, summary judgment should be granted in their favor. The Court will evaluate the Plaintiff's claims and determine whether the Defendants are immune from liability and whether they are entitled to judgment as a matter of law.

A. Claims against David Hare

Fredrick asserts that Captain Hare placed him in solitary confinement and denied him "yard call" privileges because Fredrick filed a lawsuit against him and other officers at the Jail. However, the evidence in the record does not support this claim.

In a sworn affidavit, Hare testified that he did not put Fredrick in solitary confinement, but rather placed him in protective custody to prevent further incidents between Fredrick and another inmate who attacked him. Hare Affidavit [26-3] at 2. Hare also testified that he is "not aware that Inmate Fredrick missed any yard call while he was on Hall 3 protective custody." *Id*. at 3.

On December 28, 2011, Fredrick sent a written request to Hare, asking that he be taken out of solitary confinement. Doc. [26-3] at 10. In response, Hare warned Fredrick that if he were moved back to general population, he would be doing so at his own risk because the inmate who attacked him was also in general population. *Id*. On December 29, 2011, Fredrick replied that he understood the risks and asked to be moved. *Id*. at 11. He was then removed from solitary confinement and placed in general population.

The policies and procedures for Jones County Jail define administrative segregation, disciplinary segregation, and medical segregation. Doc. [26-4] at 2. Administrative custody

includes "separation for medical, mental, safety, security, or disciplinary reasons." *Id*. Protective custody is a form of administrative segregation. *Id*. at 3. The types of inmates placed in protective custody include those who are "at imminent risk of attack from other inmates…" *Id*. The evidence offered by movants establishes that Fredrick was placed in administrative segregation for his safety.

Based on the current record, Fredrick cannot show Captain Hare's intent to retaliate against him for exercising his right of access to courts. The lawsuit, which Fredrick claims he was retaliated against for filing, relates to an attack on Fredrick by another inmate. Captain Hare testified that he placed Fredrick in protective housing to prevent future attacks on Fredrick by that inmate, but once Fredrick asked to be moved to general population, his request was granted. The Plaintiff does not offer any evidence to rebut Hare's explanation that he did not put Fredrick in solitary confinement to punish him, but rather to protect him. Fredrick, therefore, does not show that he suffered a retaliatory act or that his filing of a lawsuit caused any alleged retaliatory act. Accordingly, the Plaintiff has not made the requisite showing to support a retaliation claim. *See McFaul v. Valenzuela*, 684 F.3d 564, 578-579 (5th Cir. 2012) (finding that prisoner failed to make a valid claim for retaliation because he did not establish the requisite intent, a retaliatory adverse action, or causation). As such, Captain Hare is entitled to qualified immunity on the claims asserted against him in his individual capacity.

  B.  Claims against Alex Hodge

Fredrick asserts that Sheriff Hodge failed to investigate his grievances concerning solitary confinement. At the omnibus hearing, Fredrick testified that because he was not removed from solitary confinement, he assumes Hodge did not investigate his claims. Thus, it appears that the claim against Hodge is based on Fredrick's disagreement with the ruling on the

grievances he filed.

While prisoners may have a protected liberty interest in prison grievance procedures, *see Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993), they do not have a one in having grievances resolved in their favor or to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Because Fredrick relies on a nonexistent liberty interest, "any alleged failure to investigate his grievances is indisputably meritless." *Id*. To the extent Fredrick alleges Hodge violated his constitutional rights by not investigating his grievance and removing him from solitary confinement, Fredrick has not stated a constitutional claim. Since the Plaintiff fails to allege a constitutional claim against Sheriff Hodge, qualified immunity applies to preclude Hodge from being held personally liable in this case. Summary judgment is proper.

      C.      Major Johnson

Similar to his claim against Hodge, the Plaintiff asserts that Major Johnson violated his due process rights by failing to respond to grievances he allegedly filed concerning the conditions of his confinement. Fredrick does not allege that Johnson is the proper party to whom his grievances should have been filed. However, the record contains a request sent by Fredrick to Major Johnson on May 7, 2012. Doc. [26-3]. That request related to questions Fredrick had about the process for submitting his address for earned release supervision. Major Johnson responded to the request. In addition, the Plaintiff attached a grievance form he allegedly sent to Major Johnson on February 28, 2012, inquiring about when he would be able to have yard call. Doc. [1-1] at 9. The record does not contain any other request or grievance sent by Fredrick to Johnson.

Regardless of who had decision-making authority with respect to inmate grievances, Fredrick fails to demonstrate that he was denied any right to a grievance procedure. *See McFaul*,

684 F.3d at 579 (stating that the constitutional purpose of due process "is to protect a substantive interest to which the individual has a legitimate claim of entitlement."). The record shows that Fredrick filed grievances, they were responded to, and he was later removed from administrative segregation. Since the Plaintiff fails to establish that he was denied a grievance procedure or that his due process rights were otherwise violated, he has not stated a constitutional claim. Therefore, Major Johnson is immune from personal liability in this lawsuit and a judgment will be entered in his favor.

   D.  Official Capacity Claims

Summary judgment is also proper as to the claims asserted against the Defendants in their official capacities. By Order [22], the Court dismissed Jones County from this case. The Plaintiff asserts claims against the individual defendants in their official and personal capacities. However, any lawsuit against the Defendants in their official capacities is, in essence, a suit against Jones County. *See Monell v. New York City Dept. of Soc. Serv.,* 436 U.S. 658, 691 n. 55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (stating that a lawsuit suit against a local government employee is essentially an action against the entity where the officer is employed). For Jones County to be liable in this case under § 1983, Fredrick "must demonstrate that the allegedly constitutionally deficit offense is the policy or custom of the municipality." *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005) (citing *Monell,* 436 U.S. at 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611). That is, the Plaintiff must show: "(1) that the municipal employee violated [his] clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference." *Brumfield v. Hollins*, 551 F.3d 322, 331 (5th Cir. 2008) (quoting *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir. 1999)).

Fredrick does not allege or establish that Jones County implemented a policy or custom that caused him to suffer a constitutional violation. As discussed above, the Plaintiff fails to establish that the Defendants violated his constitutional rights. Thus, the Plaintiff does not meet his burden of proof with regard to municipal liability and, therefore, the Defendants cannot be held liable in their official capacities. Accordingly, summary judgment is proper as to the claims asserted against the Defendants in their individual and official capacities.

IV.    CONCLUSION

Based on the above analysis, the Court finds that the Defendants are entitled to qualified immunity and, therefore, cannot be held personally liable in this lawsuit. Likewise, the Defendants cannot be held liable in their official capacities because the Plaintiff does not allege or establish that Jones County implemented a policy that was the "moving force" behind any alleged constitutional deprivation he may have suffered. *Brumfield,* 551 F.3d at 331. Therefore, the Defendants' Motion for Summary Judgment [26] is granted. A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this the 16th day of September, 2013.

                                                  **/s/MICHAEL T. PARKER**
                                                  UNITED STATES MAGISTRATE JUDGE